IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 1:17-CR-75 |
| v. | § | |
| | § | (Judge Heartfield) |
| THOME SHIP MANAGEMENT PTE, | § | |
| LTD and EGYPTIAN TANKER | § | |
| COMPANY | § | |

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
JUN - 6 2017
BY
DEPUTY

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### Introduction

At all times relevant to this Information:

1. Defendant THOME SHIP MANAGEMENT PTE, LTD. ("Defendant" or "THOME") is an international shipping company based in Singapore. THOME is the technical manager of the Motor Tanker *M/T ETC MENA*.

2. Defendant EGYPTIAN TANKER COMPANY ("Defendant" or "EGYPTIAN") is a shipping company based in Cairo, Egypt. EGYPTIAN is the registered owner of the *M/T ETC MENA*.

3. The *M/T ETC MENA* is a 57,920 gross ton, approximately 809-foot long, ocean-going, oil tank ship. The *M/T ETC MENA* is registered in Liberia and has an International Maritime Organization (IMO) number of 9229427.

4. The United States is party to an international agreement that regulates the discharge of oil from vessels at sea: the International Convention for the Prevention of Pollution from Ships, as modified by the Protocol of 1978 (together "MARPOL"). MARPOL is embodied in agreements that the United States has ratified and has been implemented in the United States by the Act to

1

Prevent Pollution from Ships ("APPS"), 33 U.S.C. §§ 1901, *et seq*. APPS makes it a crime for any person to knowingly violate MARPOL, APPS, or regulations promulgated under APPS. 33 U.S.C. § 1908(a). These regulations apply to all commercial vessels operating in the navigable waters of the United States or while in a port or terminal under the jurisdiction of the United States, including vessels operating under the authority of a country other than the United States.

5. MARPOL Annex I established international standards governing the treatment and disposal of oily mixtures generated from the machinery spaces of a vessel. Under MARPOL, machinery space waste may be discharged overboard into the ocean only if it does not exceed 15 ppm of oil and the ship has in operation required oil pollution prevention equipment, including an Oily Water Separator ("OWS") and Oil Content Monitor ("OCM").

6. MARPOL and APPS regulations require that vessels such as the *M/T ETC MENA* maintain a record known as an Oil Record Book ("ORB"). The ORB must fully record, on a tank-to-tank basis, all operations involving the discharge overboard and disposal otherwise of bilge water that has accumulated in machinery spaces, and thus may be contaminated with oil. 33 CFR §§ 151.25(d) and (h); MARPOL, Annex I Regulation 17 and Appendix III (Form of ORB). The ORB must also record internal transfers of bilge water to holding tanks prior to being discharged overboard and or otherwise disposed. The ORB must be maintained onboard the vessel for not less than three years, and be readily available for inspection at all reasonable times. 33 C.F.R. § 151.25 (k).

7. Consistent with the requirements contained in MARPOL Annex V, *Regulations for the Prevention of Pollution by Garbage from Ships*, APPS prohibits the discharge into the sea of plastic or garbage mixed with plastic, including but not limited to plastic garbage bags. 33 C.F.R. § 151.67.

8. MARPOL and APPS also require that vessels such as the *M/T ETC MENA* maintain a written record known as a Garbage Record Book or Garbage Log ("GRB") in which the discharge overboard of garbage into the sea must be recorded. 33 C.F.R. § 151.55. The record must include the date and time of the operation, the latitude and longitude, the amount of garbage involved by volume in cubic meters, and the contents of the garbage in the following categories, among others: plastic material and incinerated ash. The record must be prepared at the time of the operation and certified as correct by the Master of the vessel or person in charge of the ship.

9. The United States Coast Guard (Coast Guard), an agency of the United States Department of Homeland Security, is charged with enforcing the laws of the United States and is empowered under Title 14, United States Code, section 89(a) to board vessels and conduct inspections and investigations of potential violations and to determine compliance with MARPOL, APPS, and related regulations. In conducting inspections, Coast Guard personnel rely on statements of the vessel's crew and documents, including information contained in the ORB. The Coast Guard is authorized to examine a vessel's ORB and GRB. 33 U.S.C. § 1907(d); 33 C.F.R. §§ 151.23(a)(3) and (c), 151.55(d), and 151.61(c).

## Count One

> Violation: 33 U.S.C. § 1908(a) (False Oil Record Book)

10. The United States Attorney incorporates paragraphs 1 through 9 of the Information and further charges.

11. On or about April 26, 2016, in Port Arthur, Texas, within the navigable waters of the United States and in the Eastern District of Texas, the Defendants THOME SHIP MANAGEMENT PTE, LTD and EGYPTIAN TANKER COMPANY, by and through the acts of their agents and employees, including a previous Chief Engineer that departed the vessel on or

about March 18, 2016, and a subordinate ship engineer, acting within the scope of their agency and employment and at least in part for the benefit of the Defendants, did knowingly fail to maintain an accurate ORB for the *M/T ETC MENA* in which all discharges overboard or disposal otherwise of bilge water that accumulated in machinery spaces were fully recorded. Specifically, on or about April 26, 2016, the Defendants failed to maintain an accurate ORB for the *M/T ETC MENA* while in Port Arthur, Texas, which recorded the transfers of bilge waters from the vessel's bilge wells to the clean drain tank and subsequent discharges overboard of bilge water using equipment and procedures that bypassed the vessel's OWS and OCM.

In violation of 33 U.S.C. § 1908(a) and 33 CFR § 151.25(d).

### Count Two

> Violation: 33 U.S.C. § 1908(a) (False Garbage Record Book)

12.   The United States Attorney incorporates paragraphs 1 through 9 of the Information and further charges.

13.   On or about April 26, 2016, in Port Arthur, Texas, within the navigable waters of the United States and in the Eastern District of Texas, the Defendants THOME SHIP MANAGEMENT PTE, LTD and EGYPTIAN TANKER COMPANY, by and through the acts of their agents and employees, including a previous Chief Engineer that departed the vessel on or about March 18, 2016, and a subordinate ship engineer, acting within the scope of their agency and employment and at least in part for the benefit of the Defendants did knowingly fail to maintain a GRB for the *M/T ETC MENA* in which all disposals and overboard discharges of plastic and garbage into the sea were fully recorded. Specifically, on or about April 26, 2016, the Defendants failed to record in the GRB the overboard discharge into the sea of plastic bags filled with metal and incinerated ash.

4

In violation of 33 U.S.C. §§ 1907(d), 1908(a) and 33 C.F.R. § 151.55.

## Count Three

Violation: 33 U.S.C. § 1505 (Obstruction of Agency Proceeding)

14. The United States Attorney incorporates paragraphs 1 through 9 of the Information and further charges.

15. On or about April 26, 2016, in Port Arthur, Texas, and in the Eastern District of Texas, the Defendants THOME SHIP MANAGEMENT PTE, LTD and EGYPTIAN TANKER COMPANY, by and through the acts of their agents and employees, including a previous Chief Engineer that departed the vessel on or about March 18, 2016, and a subordinate ship engineer, acting within the scope of their agency and employment and at least in part for the benefit of the Defendants, did corruptly influence, obstruct and impede, and endeavor to influence, obstruct and impede the due and proper administration of the law under which a pending proceeding was being had by a department or agency of the United States, to wit, a vessel inspection of the *M/T ETC MENA* by the Coast Guard and Department of Homeland Security, by: (1) presenting a false ORB for the M/T ETC MENA to Coast Guard inspectors; and (2) presenting a false GRB to Coast Guard inspectors, both of which failed to record activities identified in Counts 1 and 2.

In violation of 18 U.S.C. § 1505.

BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY

06/06/2017
DATE

Joseph R. Batte
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | No. 1:17-CR-75 |
| v. | § § | (Judge _____) |
| THOME SHIP MANAGEMENT PTE, LTD and EGYPTIAN TANKER COMPANY | § § § | |

## NOTICE OF PENALTY

### Count One

VIOLATION: 33 U.S.C. § 1908(a)
(False Oil Record Book)

PENALTY: A fine of not more than $500,000 or twice any pecuniary gain to the defendant or loss to the victim(s); a term of probation not to exceed 5 years.

SPECIAL ASSESSMENT: $400.00

### Count Two

VIOLATION: 33 U.S.C. § 1908(a)
(False Garbage Record Book)

PENALTY: A fine of not more than $500,000 or twice any pecuniary gain to the defendant or loss to the victim(s); a term of probation not to exceed 5 years.

SPECIAL ASSESSMENT: $400.00

## Count Three

| | |
|---|---|
| VIOLATION: | 18 U.S.C. § 1505<br>(Obstruction of Agency Proceeding) |
| PENALTY: | A fine of not more than $500,000 or twice any pecuniary gain to the defendant or loss to the victim(s); a term of probation not to exceed 5 years. |

SPECIAL ASSESSMENT: $400.00